IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAKOTA D. BLOUNT,

        Petitioner,             No. 2:13-cv-0312 CKD P

    vs.

ROMAN ARAGON,

        Respondent.         ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a document styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Plaintiff has consented to jurisdiction by United States Magistrate Judge.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Several problems with petitioner's application for writ of habeas corpus are immediately apparent. Petitioner names as respondent Roman Aragon, whom he identifies as officer #652. Based on the vague and confusing allegations in the petition, respondent Aragon appears to possibly be petitioner's arresting officer, a witness at his criminal trial, or perhaps

1

both. The proper respondent in habeas corpus proceeding, however, is the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

In addition, notwithstanding the fact that petitioner has not named a proper respondent, he also has not alleged a cognizable habeas corpus claim. Petitioner states that he seeks relief for excessive force, false imprisonment, unlawful detainer, personal injury, police brutalities, cruel and unusual punishment etc. (Dkt. No. 1 at 3.) Such claims are not cognizable in federal habeas corpus. See Skinner v. Switzer, 131 S. Ct. 1289, 1299 n.13 (2011) ("When a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.] § 1983) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see also Skinner, 131 S. Ct. at 1299 (majority notes the Supreme Court has never recognized a writ of habeas corpus as an available remedy where the relief sought would neither terminate custody, accelerate the future release date, nor reduce the level of custody).

Finally, even if plaintiff had properly asserted a constitutional challenge to his criminal convictions that stated a cognizable habeas corpus claim, he has failed to exhaust state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Petitioner states that he never appealed his convictions. (Dkt. No. 1 at 5.) After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies in regard to the constitutionality of his criminal convictions because his claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer

1  available to petitioner.

2       Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254

3 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the

4 petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

5 court." In this case, for the reasons discussed, it is plain from the face of the petition that

6 petitioner is not entitled to federal habeas relief. Therefore, the petition will be summarily

7 dismissed.

8       In accordance with the above, IT IS HEREBY ORDERED that:

9       1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is granted.

10       2. The Clerk of the Court is directed to serve a copy of the petition filed in this

11 case together with a copy of this order on the Attorney General of the State of California; and

12       3. Petitioner's application for a writ of habeas corpus is hereby summarily

13 dismissed.

14 Dated: April 29, 2013

15

16       _____
      CAROLYN K. DELANEY
      UNITED STATES MAGISTRATE JUDGE

17

18

19 8
blou0312.156b

20

21

22

23

24

25

26

3